## Durkin v. Gavin et al.

*Practice, J. P.—Summons—Constable and deputy constable.*

1. A writ issued by an alderman or justice of the peace should be directed to the constable, not to the deputy constable, and should be executed in the constable's name and the return made in his name and on his official responsibility, though the act of service be performed by the hand of his deputy.

2. On proceedings on *certiorari*, want of personal jurisdiction of the defendant is waived unless raised by the exceptions.

*Certiorari.* C. P. Lackawanna Co., Oct. T., 1922, No. 774.

*Frank E. Donnelly*, for plaintiff; *P. E. Kilcullen*, for defendants.

NEWCOMB, J. — Suit in trespass, sounding in trover, went to judgment against defendants at the hands of an alderman of this city. Defendants did not appear, but took this writ and now challenge the validity of the proceedings for various reasons, neither one of which appears to have any merit.

The single irregularity occurred at the outset, but no objection is made on that ground.

The summons was directed to no constable, but to "P. S. Browning, Deputy Constable." For whom Mr. Browning was acting in that capacity does not appear, except as indicated by his return. He subscribes and swears to that as "deputy constable of the 17th Ward of Scranton."

Neither this nor any other municipal division of the body politic is as yet privileged to have such functionary. But the point is of no consequence, except as the form of procedure reflects the misconception in mind of both the magistrate and the deputy of the latter's official status. The writ could only be properly directed to a constable in whose name it must be executed. The return should accordingly be made in his name and on his official responsibility, though the act of service be performed by hand of his deputy, in which case that fact would appear by an appropriate form of return.

There was no personal jurisdiction of the defendants, and for that reason the judgment would have been voidable upon exception on that ground. But, being a matter of concern, purely personal to themselves, it was their privilege to waive the objection if they should see fit. Not having raised it by exception, they must now be deemed to have elected to waive it; and that leaves the proceeding free from reversible error.

The exceptions are dismissed and the judgment is affirmed.

From William A. Wilcox, Scranton, Pa.